Clayton L. Everett | State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Movant

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>Kory Washington Hines,<br><br>Debtor. | Case No. 26-41123<br><br>Chapter 13 |

### LACKLAND GARDEN, LTD'S OBJECTION TO
### CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Lackland Garden, LTD ("Movant"), a creditor in this case, by and through

its authorized representative Gloria Valdez, and files this Objection to Confirmation of the

Debtor's Chapter 13 Plan ("Plan") filed on March 13, 2026  (Dkt. 3), and in support thereof would

respectfully show the Court as follows:

### JURISDICTION & VENUE

1.      This United States Bankruptcy Court for the Northern District of Texas has

jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(L). Venue is proper in this district pursuant to 28 U.S.C. §§

1408 and 1409.

### BACKGROUND

2.      Movant is the lessor under that certain residential lease for the premises located at

3211 Lackland Road, Unit 56, Fort Worth, Texas (the "Lease").

26-41123-elm13, Objection to Confirmation

3.      Contemporaneous with this Objection, Movant will file its Proof of Claim asserting a prepetition default in the amount of $4,932.20, representing unpaid rent, late fees, and related charges.

4.      The Debtor's Plan proposes to assume the Lease and cure a purported arrearage of $2,704.00 over sixty (60) months.

5.      The Lease term expires on August 31, 2026.

### MOVANT'S OBJECTION TO CONFIRMATION

6.      Confirmation should be denied because the Plan fails to cure full amount of the prepetition defaults and fails to provide for a prompt cure of the full default on or before the lease expires in August 31, 2026.

### I.      The Plan Improperly Understates the Cure Amount

7.      The Plan is not confirmable because it fails to provide for the full amount necessary to cure the Lease default.

8.      Under 11 U.S.C. §§ 1322(b)(7) and 365(b)(1)(A), a debtor may assume an unexpired lease only if the debtor cures, or provides adequate assurance of prompt cure of, all defaults.

9.      Movant's allowed claim establishes a prepetition arrearage of $4,932.20, which exceeds the amount provided in the Plan.

10.     Because the Plan fails to provide for the full cure of the default, it does not comply with § 365(b)(1)(A) and is not confirmable.

### II.     The Plan Fails to Provide a "Prompt Cure" as Required by § 365(b)(1)(A)

11.     Section 365(b)(1)(A) requires that a debtor cure, or provide adequate assurance that it will promptly cure, any default as a condition of assumption.

26-41123-elm13, Objection to Confirmation

12. The Debtor proposes to cure the Lease default over sixty (60) months. The Lease, however, expires on August 31, 2026, well before completion of the proposed cure period.

13. A cure extending years beyond the expiration of the underlying lease is not "prompt" as a matter of law and deprives Movant of the benefit of its bargain. *See In re DiCamillo*, 206 B.R. 64, 72 (Bankr. D.N.J. 1997) (collecting cases).

14. To satisfy § 365(b)(1)(A), any cure must be completed within the remaining term of the Lease, i.e., on or before August 31, 2026. *See Id.*

15. Because the Plan proposes to cure the default long after the Lease expires, it fails to satisfy the "prompt cure" requirement and is not confirmable.

### III. The Plan Is Not Feasible Under 11 U.S.C. § 1325(a)(6)

16. Even if cure over the remaining lease term were permitted, the Plan is not feasible.

17. To cure the arrearage of **$4,932.20** prior to the August 31, 2026 lease expiration, the Debtor would be required to pay approximately **$986.00 per month** in cure payments.

18. In addition, the Debtor must remain current on ongoing lease obligations of approximately $1,386.00 per month.

19. Accordingly, the Debtor's total monthly housing obligation would exceed $2,300.00 per month. The Plan proposes payments of only **$420.00 per month** and provides no mechanism to fund such obligations.

20. The Plan is therefore not feasible and fails to satisfy 11 U.S.C. § 1325(a)(6).

21. Movant reserves all rights, including the right to amend these objections or to seek relief from the automatic stay in the event of default or failure to amend the Plan.

WHEREFORE, Movant respectfully requests that the Court to deny confirmation of the Plan for failure to comply with 11 U.S.C. §§ 365(b)(1) and 1325(a); require Debtor to amend the Plan to reflect the full arrearage of $4,932.20 and propose to cure the Lease default on or before August 31, 2026; and grant such other and further relief to which Movant may be entitled.

Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Movant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2026, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Debtor: Misty Vene Sheffield, 860 Airport Freeway, Suite 401, Hurst, TX 76054*

*Via US Mail to Debtor: 3211 Lackland Road, Unit 56, Fort Worth, TX 76116*

*Via CM/ECF to Chapter 13 Trustee: Pam Bassel, 860 Airport Freeway, Suite 150, Hurst, TX 76054*

*Via CM/ECF to US Trustee: United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75202*

___/s/ Clayton L. Everett_____
Clayton L. Everett

26-41123-elm13, Objection to Confirmation