Clayton L. Everett | State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Movant

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>Kory Washington Hines,<br><br>Debtor. | Case No. 26-41123<br><br>Chapter 13 |

### LACKLAND GARDEN, LTD'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET, FORT WORTH, TX, 76102 AT OR BEFORE CLOSE OF BUSINESS ON <u>APRIL 28, 2026</u>, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Lackland Garden, LTD ("<u>Movant</u>"), a creditor in this case, by and through its authorized representative Gloria Valdez, and files this Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d), and in support thereof respectfully shows the Court as follows:

26-41123-elm13, Motion for Relief

## I.   JURISDICTION & VENUE

1. This United States Bankruptcy Court for the Northern District of Texas has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   BACKGROUND

2. Movant is the lessor under that certain residential lease for the premises located at 3211 Lackland Road, Unit 56, Fort Worth, Texas ("Lease").

3. The Debtor is in default under the Lease. Movant has filed a Proof of Claim asserting a prepetition arrearage in the amount of $4,932.20, consisting of unpaid rent, late fees, and related charges.

4. The Debtor filed a Chapter 13 Plan proposing to assume the Lease and cure an understated arrearage of $2,704.00 over sixty (60) months.

5. The Lease expires on August 31, 2026.

## III.   GROUNDS FOR RELIEF FROM STAY

### A. Cause Exists Under § 362(d)(1)

6. Pursuant to 11 U.S.C. § 362(d)(1), relief from the automatic stay shall be granted for "cause," including lack of adequate protection.

7. The Debtor has failed to provide for full cure of the prepetition arrearage as required under 11 U.S.C. § 365(b)(1)(A).

8. The Debtor's Plan proposes a cure period extending far beyond the expiration of the Lease, which fails to provide adequate assurance of a prompt cure.

9.      The Debtor's failure to properly provide for cure and assumption of the Lease constitutes "cause" to lift the automatic stay.

10.     Additionally, Debtor has failed to remain current on post-petition rent obligations under the Lease, including payments due for April 2026, further constituting cause for relief from the automatic stay.

11.     The Debtor through counsel's office has admitted an inability to make the post-petition rent payment due for April 2026 until at least April 25, 2026, further demonstrating a lack of adequate protection and the infeasibility of the current Chapter 13 Plan.

**B.  Lack of Adequate Protection**

12.     Movant is not adequately protected because:

a. The arrearage is not being cured in full;

b. The proposed cure period is not prompt and extends beyond the Lease term; and

c. Movant is being deprived of the benefit of its bargain under the Lease.

**C.  The Lease Cannot Be Properly Assumed**

13.     Under 11 U.S.C. §§ 1322(b)(7) and 365(b)(1)(A), a debtor may assume an unexpired lease only if all defaults are cured or there is adequate assurance of prompt cure.

14.     The Debtor cannot complete cure of the arrearage prior to the Lease expiration date of August 31, 2026.

15.     Accordingly, the Lease cannot be properly assumed as a matter of law.

**D.  The Plan Is Not Feasible**

16.     To cure the arrearage of $4,932.20 within the remaining lease term, the Debtor would be required to pay approximately $986.00 per month in cure payments, in addition to ongoing rent obligations of approximately $1,386.00 per month.

17.     The Debtor's Plan proposes trustee payments of only $420.00 per month and provides no mechanism to fund these obligations owed to Movant.

18.     This demonstrates that the Debtor lacks the ability to perform under the Lease or the Plan, further constituting cause for relief from stay.

19.     Alternatively, Debtor has no equity in the Lease and it is not necessary to an effective reorganization given the inability to assume under § 365.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully requests that the Court:

a.  Grant this Motion and terminate the automatic stay as to Movant;

b.  Authorize Movant to pursue its state law remedies, including recovery of possession of the leased premises;

c.  Waive the fourteen (14) day stay under Rule 4001(a)(3) and provide that the order shall be effective immediately upon entry, for cause, including the risk of continued nonpayment, the Debtor's inability to cure the arrearage, and the impending expiration of the Lease term; and

d.  Grant such other and further relief to which Movant may be justly entitled.

Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Movant

## CERTIFICATE OF SERVICE

I hereby certify that on April  14, 2026, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Debtor: Misty Vene Sheffield, 860 Airport Freeway, Suite 401, Hurst, TX 76054*

*Via US Mail to Debtor: 3211 Lackland Road, Unit 56, Fort Worth, TX 76116*

*Via CM/ECF to Chapter 13 Trustee: Pam Bassel, 860 Airport Freeway, Suite 150, Hurst, TX 76054*

*Via CM/ECF to US Trustee: United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75202*

___/s/ Clayton L. Everett_____
Clayton L. Everett

## CERTIFICATE OF CONFERENCE

On April 8, 2026, I have conferred or made a good faith effort to confer with Counsel for Debtor regarding the relief sought in the forgoing motion for relief from stay. At this time, Debtor is opposed to the relief sought.

___/s/ Clayton L. Everett_____
Clayton L. Everett
