Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Movant

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

`

In re:
Kory Washington Hines,
          Debtor.

Case No. 26-41123

Chapter 13

## DECLARATION OF GLORIA VALDEZ IN SUPPORT OF LACKLAND GARDEN, LTD'S  MOTION FOR RELIEF FROM AUTOMATIC STAY

Pursuant to 28 U.S.C. § 1746, I, Gloria Valdez, declare under penalty of perjury that the following is true and correct:

1.      I am the authorized representative of Lackland Garden, LTD ("Movant"), the lessor under the residential lease that is the subject of this Motion. I have reviewed the *Motion for Relief from Automatic Stay.* The statements contained in the Motion are true and correct to the best of my knowledge and are incorporated herein by reference.

2.      Movant is the lessor of the premises located at 3211 Lackland Road, Unit 56, Fort Worth, Texas 76116 (the "Lease").

3.      On September 1, 2025**,** the Debtor, Kory Washington Hines, entered into a residential lease agreement (the "Lease") with Movant for the Property.

4.      The Debtor is in default under the Lease. As of the date the Motion was prepared, the prepetition arrearage owed under the Lease totals $4,932.20, consisting of unpaid rent, late fees, and related charges. This amount is reflected in Movant's Proof of Claim filed in this case.

5.      The Debtor's Chapter 13 Plan proposes to assume the Lease but only provides for a cure of an understated arrearage amount of $2,704.00 spread over sixty (60) months. This proposal does

not cure the full default and does not provide for a prompt cure as required by 11 U.S.C. § 365(b)(1).

6. The Lease expires by its own terms on August 31, 2026. Because the proposed cure period extends well beyond the Lease expiration date, the Debtor cannot provide adequate assurance of prompt cure.

7. In addition to the prepetition arrearage, the Debtor has failed to pay post-petition rent obligations as they have become due, including the rent payment for April 2026. The Debtor remains delinquent on post-petition rent.

8. The monthly base rent under the Lease is approximately $1,386.00. To cure the full prepetition arrearage of $4,932.20 within the remaining term of the Lease, the Debtor would need to make cure payments of approximately $986.00 per month (in addition to the regular monthly rent), for a total monthly obligation of roughly $2,372.00. The Debtor's proposed Chapter 13 Plan only requires a monthly plan payment of $420.00, which is insufficient to fund both ongoing rent and a timely cure.

9. Movant has no adequate protection against the continuing depreciation of its rights under the Lease caused by the Debtor's ongoing defaults and failure to pay rent. Movant is being deprived of the benefit of its bargain, including the ability to re-lease the Property to a paying tenant before the Lease expires.

10. I am informed that the Debtor's counsel has stated the Debtor is unable to pay the April 2026 rent until at least April 25, 2026.

11. Because of the short remaining term of the Lease, the substantial existing arrearage, the Debtor's failure to stay current on post-petition rent, and the infeasibility of the proposed cure,

………………………………………………………………….. ………
26-41123, Declaration of Gloria Valdez

Movant will suffer irreparable harm if the automatic stay is not lifted to allow it to pursue eviction and recovery of possession under state law.

12.     I have reviewed the *Motion for Relief from Automatic Stay* filed by my counsel and confirm that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this __14th__ day of April, 2026.

Gloria Valdez
Authorized Representative for Lackland Garden, LTD

26-41123, Declaration of Gloria Valdez